UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; WARNER BROS. RECORDS, INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,

    Plaintiffs,

v.

TERRY PORTER,

    Defendant.

NO. CV-08-5026-RHW

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TERRY PORTER**

On July 14, 2008, the Clerk of Court entered an order of default against Defendant (Ct. Rec. 6). On July 25, 2008, Plaintiffs moved this Court for entry of default judgment against Defendant in the amount of $3,750.00 in statutory damages, and $420.00 in costs (Ct. Rec. 8). Plaintiffs also seek a permanent injunction. Defendant did not file a response to Plaintiff's motion for default judgment.

### DISCUSSION

Federal R. Civ. P. 55 permits the entry of default judgment against a defendant who has failed to file an answer or motion to dismiss within 20 days from the date that the complaint was filed, or within such additional time as the Court has granted. Upon default, the factual allegations of the complaint will be taken as true, except with regard to allegations relating to the amount of damages.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TERRY PORTER** * 1

*TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

Here, Defendant failed to file an answer or motion to dismiss. As such, the Court will assume that the facts as alleged in Plaintiffs' complaint are true. In their complaint, Plaintiffs allege that Plaintiffs are the copyright owners or licensees of the exclusive rights of certain copyrighted sound recordings, and that Defendant distributed some of Plaintiffs' copyrighted recordings over the internet using a peer-to-peer network. Plaintiffs identified five of their copyrighted recordings among 234 files distributed by a computer with the IP address 68.189.136.198 on June 26, 2007. Plaintiffs allege that Defendant was responsible for that IP address on that date. Plaintiffs also allege that Defendant has and continues to download and/or distribute additional sound recordings to the public without Plaintiffs' consent. Plaintiffs allege that Plaintiffs have placed proper copyright notices on the relevant album covers pursuant to 17 U.S.C. § 401. Based on the facts alleged in Plaintiffs' complaint, the Court finds that Defendant's actions in distributing Plaintiffs' copyrighted recordings without Plaintiffs' permission constituted copyright infringement under 17 U.S.C. § 501.

Pursuant to 17 U.S.C. § 504, infringers of copyright are liable for the copyright owner's actual damages or statutory damages, as provided by 17 U.S.C. § 504(c). Plaintiffs here seek the minimum statutory damages of $750 per infringed work. Based on the finding that Defendant is liable for copyright infringement under 17 U.S.C. § 501, the Court further finds that statutory damages in the amount of $3,750.00 are appropriate.

Pursuant to 17 U.S.C. § 505, the Court in its discretion may allow the recovery of costs and attorney's fees by the prevailing party in a copyright infringement action. Plaintiffs here seek $420 in costs (which includes a statutory filing fee of $350 and costs of service of $70). Based on the finding that Defendant is liable for copyright infringement under 17 U.S.C. § 501, the Court further finds that Plaintiffs may recover their costs in the amount of $420.00.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TERRY PORTER** * 2

1  Pursuant to 17 U.S.C. § 502, the Court may grant a permanent injunction on
2  such terms as it deems reasonable to prevent or restrain infringement of a
3  copyright. Plaintiffs here seek an order permanently enjoining Defendant from
4  infringing any of Plaintiffs' copyrighted recordings, whether now in existence or
5  later created, and ordering Defendant to destroy all illegally downloaded electronic
6  and physical copies of Plaintiffs' copyrighted recordings.

7  Where a copyright holder seeks a permanent injunction, irreparable harm is
8  presumed on a showing of success on the merits. *Micro Star v. Formgen, Inc.*, 154
9  F.3d 1107, 1109 (9th Cir. 1998); *Sony Music Entm't v. Global Arts Prod.*, 45 F.
10 Supp. 2d 1345, 1347 (S.D. Fla. 1999). Where necessary to prevent future
11 infringement, a permanent injunction may be tailored to enjoin the infringement of
12 copyrighted works not yet in existence. *Princeton Univ. Press v. Michigan
13 Document Serv., Inc.*  99 F.3d 1381, 1392-93 (6th Cir. 1996); *Olan Mills Inc. v.
14 Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); *Pacific & Southern Co. v.
15 Duncan,* 744 F.2d 1490, 1499 (11th Cir. Ga. 1984).

16 Here, the default against Defendants satisfies the element of success on the
17 merits. Further, the Court finds that the facts as alleged by Plaintiffs establish a
18 threat of ongoing, repeated infringement -- not only of the five specific copyrighted
19 recordings identified by Plaintiffs, but also of other recordings to which Plaintiff
20 currently holds or will hold copyrights.

21 Accordingly, **IT IS HEREBY ORDERED**:

22 1. Plaintiffs' Motion for Default Judgment as to Terry Porter (Ct. Rec. 8) is
23 **GRANTED**.

24 2. Judgment is **ENTERED** in favor of Plaintiffs and against Defendant
25 Terry Porter in the amount of $3,750.00.

26 3. Defendant shall further pay Plaintiffs' costs of suit herein in the amount
27 of $420.00.

28 4. Defendant shall be and hereby is enjoined from infringing Plaintiffs'

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TERRY PORTER** \* 3

rights under federal law in the following copyrighted sound recordings:

- "Badlands," on album "Darkness on the Edge of Town," by artist "Bruce Springsteen" (SR# 3-323);
- "Me And You," on album "All I Need To Know," by artist "Kenny Chesney" (SR# 208-984);
- "Home," on album "It's Time," by artist "Michael Buble" (SR# 370-205);
- "Angel," on album "Hot Shot Ultramix," by artist "Shaggy" (SR# 306-657);
- "Every Time I Hear Your Name," on album "Three Chord Country And American Rock & Roll," by artist "Keith Anderson" (SR# 369-354);

and in any other sound recording, whether now in existence or later created, the copyright to which is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel and Defendant.

**DATED** this 1st day of October, 2008

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Sony\default.judgment.ord.wpd

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO TERRY PORTER** * 4